UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RONALD LAMONT SUTTON,          )
                               )
        Plaintiff,             )
                               )
   v.                          )          No. 1:20-cv-00163-PLC
                               )
TONY JACQUES, et al.,          )
                               )
        Defendants.            )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Ronald Lamont Sutton for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, as well as plaintiff's previous filings in the United States District Court for the Eastern District of Missouri, the Court has determined that plaintiff, while incarcerated, has brought three or more civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice to the refiling of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming Tony Jacques and Amanda Patrick as defendants. Jacques and Patrick are alleged to be employed as caseworkers for the Missouri Children's Division. (Docket No. 1 at 2-3). Both are sued in their individual capacities only.

Due to plaintiff's handwriting, and the conclusory nature of his pleadings, it can be difficult to understand the substance of his "Statement of Claim." Nevertheless, in conjunction with the juvenile court orders that are attached to the complaint, it appears that plaintiff is accusing Jacques and Patrick of violating his constitutional rights with regard to the placement and visitation of his children. In particular, plaintiff alleges that Jacques has discriminated against him, harassed him, and "slandered [his] name around Dunklin County." (Docket No. 1 at 4). He asserts that he has not done anything seriously wrong to have the legal custody of his children taken from him, and that Jacques has violated the Fifth, Sixth, and Fourteenth Amendments, as well as caused him to suffer cruel and unusual punishment. Plaintiff specifically objects to a provision of the juvenile court order that only allows for supervised visitation upon him providing a negative drug screen. (Docket No. 1 at 5, 11, 13). He states that he should not have to provide a drug screen because he has never been in trouble for drugs or alcohol.

With regard to Patrick, plaintiff states that she has failed to intervene despite seeing the "evil intent" of her "co-worker." (Docket No. 1 at 6). He further states that the mistakes made toward him will cause him to suffer pain for the rest of his life. Plaintiff notes that "officials violate [the] Eighth Amendment when they act with deliberate [indifference] to a condition that exposes a prisoner to an unreasonable risk of harm or [denies] a prisoner…[his] basic human needs." In this case, plaintiff states that he is being denied his children.

Plaintiff asserts that both Jacques and Patrick failed to intervene to correct mistakes or be considerate toward his situation. (Docket No. 1 at 7). He alleges that officials have denied him his legal right and legal custody of his children when he has done nothing "in [the] first place" to warrant his children being taken from him. He also notes that he is "lock[ed] up" for a bad check and a probation violation, which he states constitutes false imprisonment.

In an attachment to the complaint, which purports to be a "motion for memorandum and order" in the Juvenile Court of Dunklin County, plaintiff repeats his allegations that Jacques and Patrick have discriminated against him and harassed him. (Docket No. 1 at 14). He claims that they have made up false allegations to take his children for no reason, and to put them up for adoption. Plaintiff states that "custody or legal custody" of his children remain with him, as the children's father, and that he has not signed "his rights over to anybody." (Docket No. 1 at 15).

Plaintiff contends that the actions of Jacques and Patrick constitute deliberate indifference and denied him his basic human needs. (Docket No. 1 at 18). He seeks $350 million in compensatory damages and $45 million in punitive damages. (Docket No. 1 at 19).

## Discussion

Plaintiff seeks leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee. However, while incarcerated, plaintiff has filed at least three previous cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim. As such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to plaintiff refiling a fully-paid complaint.

### A. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

3

>that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). To that end, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1223 (2020). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006).

### B. Plaintiff's Previous "Strikes"

Review of plaintiff's filing history indicates that while incarcerated, plaintiff has filed at least four separate lawsuits that qualify as "strikes" under 28 U.S.C. § 1915(g). *See Sutton v. Dunklin Cty. Jail*, No. 1:09-cv-184-SNLJ (E.D. Mo. Dec. 23, 2009) (dismissed Jan. 15, 2010, under 28 U.S.C. § 1915(e)(2)(B) for being legally frivolous and failing to state a claim upon which relief could be granted); *Sutton v. Dolan*, No. 1:09-cv-185-LMB (E.D. Mo. Dec. 23, 2009) (dismissed Jan. 27, 2010, under 28 U.S.C. § 1915(e)(2)(B) for same reasons); *Sutton v. State of Mo., et al.*, No. 1:18-cv-41-NCC (E.D. Mo. Feb. 20, 2018) (dismissed June 8, 2018, under 28 U.S.C. § 1915(e)(2)(B)); and *Sutton v. Maddox, et al.*, No. 4:19-cv-208-HEA (E.D. Mo. Feb. 11, 2019) (dismissed Aug. 15, 2019, under 28 U.S.C. § 1915(e)(2)(B)). The Court notes that plaintiff did not file appeals in any of the aforementioned cases, and the time for filing such appeals has passed. Moreover, all four strikes existed at the time that plaintiff filed the instant action on July 29, 2020.

Plaintiff has also had a prior case in this Court dismissed without prejudice due to the fact that he has acquired three strikes. *See Sutton v. Dunklin Cty., et al.*, No. 1:19-cv-205-DDN (E.D. Mo. Nov. 18, 2019) (dismissed on November 21, 2019, pursuant to 28 U.S.C. § 1915(g)). He appealed the dismissal, but the appeal was dismissed for failure to prosecute. *Sutton v. Dunklin Cty., et al.*, No. 19-3631 (8th Cir. 2020).[1] Thus, for these reasons, plaintiff cannot proceed in forma pauperis unless the imminent danger exception applies.

**C. Imminent Danger**

Pursuant to 28 U.S.C. § 1915(g), an indigent prisoner who has acquired three strikes may still file a lawsuit if he or she is in imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.*

Here, plaintiff has not alleged that he is in imminent danger. To the contrary, his claims do not implicate his physical safety whatsoever. Both defendants are caseworkers involved in a juvenile court case concerning plaintiff's children. Neither are employed at the institution where plaintiff is incarcerated. Furthermore, none of the allegations touch on plaintiff's conditions of confinement, such as food, clothing, or medical care. While plaintiff repeatedly asserts that he is being cruelly and unusually punished, his contention that he is being denied the "legal custody" of his children does not demonstrate the imminent danger of serious *physical* injury that is required by statute. As such, plaintiff has failed to establish that the exception to the three-strikes provision

---

[1] On July 9, 2020, the Court dismissed another lawsuit filed by plaintiff on the basis of plaintiff having three strikes under § 1915(g). *Sutton v. Karshner*, No. 1:20-cv-14-SPM (E.D. Mo.). That case is pending appeal.

5

in 28 U.S.C. § 1915(g) is applicable to him. The Court will therefore deny plaintiff's motion for leave to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

**D. Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

Even if plaintiff were granted in forma pauperis status, his case would still be subject to dismissal. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a case filed in forma pauperis if it determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. In this case, plaintiff has failed to state a claim under 42 U.S.C. § 1983.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

Here, plaintiff repeatedly asserts that various of his constitutional rights, specifically the Fifth, Sixth, Eighth, and Fourteenth Amendments, were violated. He does not, however, provide any support for these conclusions. Indeed, there is very little at all to indicate what Jacques and Patrick actually did or did not do, besides being assigned as caseworkers in his children's juvenile court case. This is not sufficient to state a claim. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation,

and factual allegations must be enough to raise a right to relief above the speculative level"); and *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Because he has not shown that defendants violated his constitutional rights, plaintiff has failed to state a claim under 42 U.S.C. § 1983. Therefore, even if plaintiff were allowed to proceed in forma pauperis, his complaint would be subject to dismissal.

### E. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). The motion will be denied as moot as this action is being dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of October, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

7